UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ANTHONY POULTER,
                Plaintiff

v.                                           Civil Action No.
                                                  3:04CV462-J

JO ANNE B. BARNHART, Commissioner
 Social Security Administration,
                Defendant

## MEMORANDUM OPINION

      This case presents plaintiff Anthony Poulter's challenge to the decision of the Commissioner denying his claim to Disability Insurance Benefits. After reviewing the record as a whole in light of the arguments of the parties and the applicable authorities, the Court is of the opinion that this matter must be remanded for further proceedings.

      Mr. Poulter filed his application in February of 2001, alleging that he had been unable to engage in substantial gainful work since August 23, 1995. After a hearing, the Administrative Law Judge ("ALJ") determined that Mr. Poulter's degenerative disc disease of the cervical and lumbar spine and status post three back surgeries were severe impairments that prevented him from performing any of his past relevant work. However, the ALJ further determined that Mr. Poulter retained the residual functional capacity to perform a significant range of light work.

      If the ALJ's decision is supported by substantial evidence, the reviewing Court must affirm. Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a

1

conclusion." Jones v. Secretary, 945 F.2d 1365 (6th Cir. 1991).  The Court's obligation to affirm in such a case exists regardless of whether we would resolve the disputed issues of fact differently, and regardless of whether there exists substantial evidence to support the opposite conclusion.  Stanley v. Secretary, 39 F.3d 115 (6th Cir. 1994),  Tyra v. Secretary, 896 F.2d 1024 (6th Cir. 1990), Mullen v Brown, 800 F.2d 535, 545 (6th Cir. 1986).

Mr. Poulter argues that the decision is not supported by substantial evidence because the ALJ erred in failing to conduct the proper analysis of complaints of pain.  While pain may support a claim of disability, the claimant's subjective assertions are not sufficient.  20 C.F.R. Sec. 404.1529(a),  King v. Heckler, 742 F.2d 968, 974 (6th Cir. 1984). If there is objective medical evidence of an underlying medical condition, the ALJ is required to determine whether objective medical evidence confirms the severity of the alleged pain, or whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.  Stanley v. Secretary, 39 F.3d 115, 117 (6th Cir. 1994), Felisky v. Bowen, 35 F.3d 1027 (6th Cir. 1994), Jones v. Secretary, 945 F.2d 1365, 1369 (6th Cir. 1991); Duncan v. Secretary, 801 F.2d 847, 853 (6th Cir. 1986).  The ALJ may consider muscle spasms, atrophy, reflex abnormalities, neurological deficits, loss of sensation, household and social activities as well as the type of medication used to alleviate the pain. 20 C.F.R. 416.929©)(3); Jones, supra, at 1370; Blacha v. Secretary, 927 F.2d 228, 231 (6th Cir. 1990).

Mr. Poulter was fully insured through December 31, 1998.  Thus, the central question is whether the onset of any disability occurred before January 1, 1999.  The medical records reflect that he had back surgery in 1988 and again in 1994, and that additional surgery was required in late 1997.  The ALJ focused on the absence of medical records during the period December

1997 to October 1999, interpreting this as an indication that Mr. Poulter's pain had been alleviated.  However, Dr. Guarnaschelli, Mr. Poulter's treating back surgeon, stated in March of 2002 that he finds Mr. Poulter's complaints of pain entirely consistent with his physical condition. Furthermore, contrary to the suggestion that Mr. Poulter's condition improved after the 1997 surgery, Dr. Guarnaschelli stated that Mr. Poulter's pain "goes back to ... 1988 ..., and I think his symptoms are consistent with his exam and consistent with his x-ray abnormalities." Tr. 275.

Stated another way, the record contains evidence, in the form of a specialist's opinion, that Mr. Poulter suffers from a condition that could produce the pain, tingling and numbness of which he complains.  Thus, it is unclear whether the ALJ failed to conduct the required "pain" evaluation, or whether he failed to conduct the required analysis of the weight of a treating physician's opinion.  Consequently, on the state of the record as it stands, it is not possible for the Court to say that substantial evidence to support the ALJ's conclusion that Mr. Poulter did not, prior to January 1999, suffer from the disabling pain of which he complains.  The ALJ's credibility assessment is entitled to great deference; nonetheless, in this case, the Court believes that substantial evidence fails to support the conclusion.

A treating physician's opinion, if uncontradicted, should be given complete deference. See, e.g., Walker v. Secretary of Health & Human Servs., 980 F.2d 1066, 1070 (6th Cir.1992). A treating physician's opinion is entitled to more weight if Commissioner finds "that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." 20 C.F.R. S

3

404.1527(d)(2)(1999). In other words, the opinion of a treating physician need not be given controlling weight unless supported by clinical or diagnostic findings. See <u>Walters v. Commissioner of Social Security</u>, 127 F.3d 525, 530 (6th Cir.1997); <u>Bogle v. Sullivan</u>, 998 F.2d 342, 347 (6th Cir.1993); <u>Kirk v. Heckler</u>, 742 F.2d 968, 973 (6th Cir.1984)

Although the Commissioner generally gives more weight to the opinions of treating physicians, a treating physician's opinion regarding disability is not conclusive. See <u>Landsaw v. Secretary of Health and Human Servs.</u>, 803 F.2d 211, 213 (6th Cir.1986). The finding of disability is made by the Commissioner, not by a physician. 20 C.F.R. Sec. 404.1527(e)(2). . . In this case, however, it is not possible to determine whether the ALJ accorded to the treating physician's opinion the weight to which it is entitled, whether the decision is based solely on Mr. Poulter's credibility, or whether the ALJ incorrectly read Dr. Guarnaschelli's opinion as expressing his view on the ultimate question of disability.

In rejecting Mr. Poulter's complaints of disabling pain as "not totally credible," the ALJ appeared to rely primarily on Mr. Poulter's avocational pursuits.  He noted that Mr. Poulter regularly attends University of Kentucky sports events, and that until 2000, Mr. Poulter continued to "tinker with and restore cars." Tr. 26.  However, Mr. Poulter does not claim that he is completely incapacitated; rather, the essence of his claim concerns persistence: Could he work for eight hours a day five days a week?  The activities cited by the ALJ do not show that he could maintain a regular work schedule, but only than he is capable of engaging in activities on a sporadic basis.  Furthermore, there is affirmative evidence that Mr. Poulter could *not* maintain a regular work schedule.  His physician has confirmed that Mr. Poulter's need to lie down periodically during the course of the day is consistent with the type of condition from which he

4

suffers. Tr. 271. The vocational expert confirmed that there would be no work available for one who had such extensive pain and who had to lie down off and on through the day. Tr. 334.

Because it is unclear whether the ALJ was rejecting Dr. Guarnaschelli's opinion that Mr. Poulter's condition could cause the pain and other discomfort of which he complains, whether the ALJ incorrectly read Dr. Guarnaschelli as commenting on the ultimate question of disability, or whether the ALJ was basing his opinion on an analysis of Mr. Poulter's credibility, remand is necessary to allow the ALJ to apply the proper legal standards.

An order in conformity has this day entered.