UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**ANTHONY POULTER,**
                      **Plaintiff**

v.                                                     **Civil Action No.**
                                                              **3:04CV462-J**

**JO ANNE B. BARNHART, Commissioner**
 **Social Security Administration,**
                      **Defendant**

## MEMORANDUM OPINION AND ORDER

In August of 2005, this Court vacated the decision of the Commissioner and remanded the matter for further proceedings.  Thereafter, the Court determined that the Commissioner's position was substantially justified, and denied plaintiff's motion for award of fees pursuant to the Equal Access to Justice Act, 28 U.S.C.A. Sec. 2412 ("EAJA").  Subsequently, plaintiff was successful in obtaining award of benefits.  The matter is now before the Court on motion for award of fees pursuant to 42 U.S.C. Sec. 406(b)(1).

Counsel has provided time records indicating that he spent just under 79 hours working on Mr. Poulter's case, and just over nineteen of these hours were spent in federal court (as opposed to agency work).  He seeks an award in the amount of $15,644.50, not based on an hourly rate, but based on the contract Mr. Poulter and the attorney had, calling for a contingent fee of 25% of past due benefits.

The Commissioner objects to the requested award as unreasonable, pointing out that

1

counsel has petitioned for a $10,000 fee for his work at the administrative level. Thus, the Commissioner argues that the hours spent in administrative representation should be ignored, such that $15,644.50 for 19.25 hours of federal court work would equal an hourly rate of $812.70. As this would be more than four times the highest hourly rate charged by counsel for his probate work, the Commissioner argues that it would constitute a windfall, rather than a reasonable fee.

Section 406(b)(1) permits the District Court to award a reasonable fee not in excess of one-quarter of past due benefits. Gisbrecht v. Barnhart, 535 U.S. 789, 792 (2002) explicitly held that a "lodestar" calculation is not the measure of reasonableness of Sec. 406(b)(1) fees: "Congress, we conclude, designed § 406(b) to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." Gisbrecht pointed out that in determining reasonableness of administrative fee petitions, the Commissioner considers the factors set forth in Title 20 CFR § 404.1725(b),[1] and noted as well that District Courts are accustomed to doing a

---

[1] "(1) When we evaluate a representative's request for approval of a fee, we consider the purpose of the social security program, which is to provide a measure of economic security for the beneficiaries of the program, together with-

"(I) The extent and type of services the representative performed;

"(ii) The complexity of the case;

"(iii) The level of skill and competence required of the representative in giving the services;

"(iv) The amount of time the representative spent on the case;

"(v) The results the representative achieved;

"(vi) The level of review to which the claim was taken and the level of the review at which the representative became your representative; and

case by case analysis of the reasonableness of fees.

Gisbrecht was clear in holding that "lodestar" calculation is not the determining factor in whether a contingent fee is reasonable. Honoring contingency fee arrangements is in the interest of justice, because legal representation is in the interest of justice. Contingent fee agreements serve to increase the availability of legal services to those who would be unable to afford to pay hourly fees; however, they cannot serve the purpose of making legal services more widely available if the attorney can expect no compensation in the event of non-recovery and only an hourly rate in the event of recovery.

Even considering "resulting hourly compensation" as one of the factors to consider in assessing whether a fee is reasonable, the Court believes the entire representation must be considered. As observed in Mudd v. Barnhart, 418 F.3d 424 (4th Cir. 2005), looking at the full scope of the work, including the administrative work, gives the Court a clearer view of the complexity of the case and the skills required. If the administrative petition (for $10,000) as well as the District Court request ($15,644.50) were successful in Mr. Poulter's case, counsel would be compensated at a rate of approximately $325 per hour of work (i.e., $25,644.50 total fee divided by 78.85 total hours). This would be less than twice Mr. Kelly's highest hourly rate for his probate practice, hardly a shocking result for a contingent fee.

Considering such matters as quality of representation, attorney's skill and experience, outcome of the case, overall risk of non-recovery in such cases, and absence of attorney-created delay, the Court concludes that the fee requested would not constitute a windfall. The

---

"(vii) The amount of fee the representative requests for his or her services, including any amount authorized or requested before, but not including the amount of any expenses he or she incurred.

3

contingent fee agreement itself in this case is reasonable, and the resulting fee is not unreasonable. Accordingly,

IT IS ORDERED that the motion for approval of attorney fees payable from past due benefits pursuant to 42 U.S.C. Sec. 406(b)(1) is granted, and counsel is awarded fees in the amount of $15,644.50.